Pedro **RODRIGUEZ–POZOS,**
Petitioner,

v.

John **ASHCROFT, Attorney**
**General, Respondent.**

No. 03–70364.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Pedro Rodriguez–Pozos, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Efthimia S. Pilitsis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Pedro Rodriguez–Pozos, a native and citizen of Mexico, petitions pro se for re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

view of a decision by the Board of Immigration Appeals affirming, without opinion, an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004), and deny the petition for review.

Substantial evidence supports the IJ's conclusion that even if Petitioner's testimony were taken as true, he failed to establish past persecution or a well-founded fear of future persecution on account of his religion or political beliefs. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Petitioner plainly stated that he was never personally targeted by Mormons, and no longer feared being threatened by them. His fear of being robbed by Zapatistas was also unsubstantiated by the record, and insufficient to support a claim that he would be persecuted on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) (holding that criminal attacks and robberies did not rise to the level of persecution).

Because Petitioner did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Furthermore, Petitioner is not eligible for relief under the CAT because he failed to show that "it is more likely than not" that he would be tortured if removed to Mexico. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir.2003).

To the extent that Petitioner challenges the BIA's streamlining procedure, his argument is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**